UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------
ANTHONY ARIEZAGA
on behalf of himself and
all other similarly situated consumers

                              Plaintiff,


          -against-



MIDLAND CREDIT MANAGEMENT,
INC., MIDLAND FUNDING, LLC,
AND ENCORE CAPITAL GROUP, INC.,

                    Defendants

-----------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1.    Plaintiff Anthony Ariezaga seeks redress for the illegal practices of Midland Credit

      Management, Inc., Midland Funding, LLC, and Encore Capital Group, Inc., herein after

      referred to as "Defendants" concerning the collection of debts, in violation of the Fair

      Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2.    Plaintiff is a citizen of the State of New York who resides within this District.

3.    Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in

      that the alleged debt that Defendants sought to collect from Plaintiff a consumer debt.

4.    Defendant Midland Credit Management, Inc. is an affiliate of Defendant Midland

      Funding, LLC and is also a "debt collector" as that term is defined by the FDCPA, 15

      U.S.C. § 1692(a)(6).

5.      Defendant Midland Credit Management, Inc. is engaged in the business of collecting or attempting to collect debts on behalf of Midland Funding, LLC as one of its principal areas of business.

6.      Defendant Encore Capital Group, Inc. is the parent company of Midland Credit Management, Inc. and Midland Funding, LLC.

7.      Upon information and belief, Defendants' principal place of business is located in San Diego, California.

8.      Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

### Jurisdiction and Venue

9.      This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

10.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### Allegations Particular to Anthony Ariezaga

11.     Upon information and belief, on a date better known by Defendants, Defendants began to attempt to collect an alleged consumer debt from the Plaintiff.

12.     On or about March 28, 2018, Defendants sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

13.     The said letter stated as follows: "Congratulations! You have been **pre-approved** for a discount program designed to save you money. Act now to maximize your savings and put this debt behind you[.]" (emphasis in the original)

14.     The Defendants' letter then proceeds to provide three different options to resolve the

account, including the third option of "Monthly Payments As Low As $50 per month."

15.     However, the "Option 3" provided in the said letter is not adequately explained and results in two different interpretations.

16.     Under one interpretation, "Option 3" is another settlement option, given that the Defendants call each of their options "discount" options "designed to save you money."

17.     In the alternative, the Defendants' "Option 3" is a route to full payment where the consumer is provided the option to pay $50 up until the full debt is paid.

18.     By failing to explain whether "Option 3" is a settlement option or a pay-in-full option, Defendants' letter is false, deceptive, and misleading.[1]

19.     15 U.S.C. § 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

20.     15 U.S.C. § 1692f provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

21.     Said language can be reasonably read to have two or more different meanings, one of which is false.[2]

22.     Defendants' March 28, 2018 letter violated 15 U.S.C. §§ 1692e, 1692e(10) and 1692f of

---

[1] Knight v. Midland Credit Management, Inc., Civil Action No. 17-3118 (E.D. Pa. Nov. 8, 2017). ("Given that the Letter encourages the debtor to accept "one of these discounts" and fails to unequivocally state that Option 3 is not a discount but an option to pay the full account balance, the least sophisticated debtor reading the entire Letter could reasonably understand Option 3 to be a settlement option.")

[2] Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 25 (2d Cir. 1989). (Because the collection notice was reasonably susceptible to an inaccurate reading, it was deceptive within the meaning of the Act.), Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993). (Collection notices are deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate.), Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. N.Y. 1996). (A collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate. The fact that the notice's terminology was vague or uncertain will not prevent it from being held deceptive under § 1692e(10) of the Act.)

the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt.

23. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendants.

24. Plaintiff suffered actual harm by being the target of Defendants' misleading debt collection communications.

25. Defendants violated the Plaintiff right not to be the target of misleading debt collection communications.

26. Defendants violated the Plaintiff's right to a truthful and fair debt collection process.

27. Defendants used materially false, deceptive, misleading representations and means in their attempted collection of Plaintiff's alleged debt.

28. Defendants' communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendants' collection efforts.

29. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Plaintiff alleges and avers that Defendants' false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

30. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

31. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages

including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

### AS AND FOR A CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendants.*

32.   Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirty one (31) as if set forth fully in this cause of action.

33.   This cause of action is brought on behalf of Plaintiff and the members of a class.

34.   The class consists of all persons whom Defendants' records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff, within one year prior to the date of the within complaint up to and including the date of the filing of this complaint; (b) the collection letter was sent to a consumer seeking payment of a personal debt; and (c) the collection letter was not returned by the postal service as undelivered; and (d) the Defendants violated 15 U.S.C. §§ 1692e,1692e(10) and 1692f of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt.

35.   Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   A.   Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   B.   There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The

principal question presented by this claim is whether the Defendants violated the FDCPA.

C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of the Defendants.

D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

36. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

37. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

38. Collection attempts, such as those made by the Defendants are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

*Violations of the Fair Debt Collection Practices Act*

39.     The Defendants' actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

40.     Because the Defendants violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendants and award damages as follows:

A.  Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

B.  Attorney fees, litigation expenses and costs incurred in bringing this action; and

C.  Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
March 26, 2019


_____/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com


Plaintiff requests trial by jury on all issues so triable.


_____/s/ Adam J. Fishbein___
Adam J. Fishbein (AF-9508)



**mcm** Midland Credit
Management, Inc.
2365 Northside Drive
Suite 300
San Diego, CA 92108

03-28-2018

P53T1693 001

Anthony Areizaga

։ևսիս․․․․․ս․ս․ս․․․ս․․ս․ս․ս․ս․ս․ս․ս․ս․ս․

| Original Creditor | |
|---|---|
| | Credit One Bank, N.A. |
| **Original Account Number** | |
| | 147 |
| **MCM Account Number** | |
| | 376 |
| **Current Balance** | |
| | $597.51 |
| **Current Owner** | |
| | Midland Funding LLC |

You are pre-approved for a 40% discount!
Call (800) 282-2644

## Choose The Option That Works For You.

RE Credit One Bank, N.A.

Dear Anthony,

Congratulations! You have been **pre-approved** for a discount program designed to save you money. Act now to maximize your savings and put this debt behind you by calling (800) 282-2644. Pay online today at www.midlandcreditonline.com.

| Option 1: 40% OFF | You Pay Only |
|---|---|
| Payment Due Date: 04-27-2018 | $358.51 |

| Option 2: 20% OFF | 6 Monthly Payments of Only |
|---|---|
| First Payment Due Date: 04-27-2018 | $79.67 |

| Option 3: Monthly Payments As Low As: | |
|---|---|
| † Call today to discuss your options and get more details. | $50 per month† |

If these options don't work for you, call one of our Account Managers to help you set up a payment plan that does.

Sincerely,

*Tim Bolin*

Tim Bolin, Division Manager

### Benefits of Paying!

➤ Save up to $239.00

➤ Offer Expiration date: 04-27-2018

**CALL US TODAY!**
(800) 282-2644

We are not obligated to renew any offers provided.

Hours of Operation
Sun-Th: 5am-9pm PT;
Fri-Sat: 5am-4:30pm PT;

(800) 282-2644     midlandcreditonline.com

Midland Credit Management, Inc.
P.O. Box 60578
Los Angeles, CA 90060-0578

**PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION**

MCM Account Number          376
Current Balance          $597.51

Total Enclosed     $          .

Mail Payments to:
Midland Credit Management, Inc.
P.O. Box 60578
Los Angeles, CA 90060-0578

**Manage Your Account Online**
midlandcreditonline.com

## Important Payment Information

Make checks payable to:
Midland Credit Management
Enter your MCM Account # on all payments

**(800) 282-2644**

se habla espanol
(888) 422-5178